UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Katherine J. Henry, as Plenary Guardian of the Estate and Person of Wesley Jordan<br><br>Plaintiff,<br><br>versus<br><br>United States of America and Christina Smith, MD<br><br>Defendant. | Case No. 18 cv 2230 |

## COMPLAINT AT LAW

The Plaintiff, Katherine J. Henry, as Plenary Guardian of the Estate and Person of Wesley Jordan, by her attorneys, Levin & Perconti, complains against the Defendant, United States of America and **CHRISTINA SMITH, MD**, and in support thereof states as follows:

## COUNT I

(Katherine J. Henry, as Plenary Guardian of the Estate and Person of Wesley Jordan v. United States of America)

The Plaintiff, Katherine J. Henry, as Plenary Guardian of the Estate and Person of Wesley Jordan, by her attorneys, Levin & Perconti, complains against the Defendant, United States of America, and in support thereof states as follows:

1. The Plaintiff, Katherine J. Henry, as Plenary Guardian of the Estate and Person of Wesley Jordan, by her attorneys brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346 and §§2671 - 2680.

2. The Plaintiff, Katherine J. Henry, as Plenary Guardian of the Estate and Person of Wesley Jordan., filed an Administrative Claim with the United States Department of Veterans Affairs on May 11, 2017. (*See* Administrative Claim attached hereto and marked as Exhibit A).

3. On July 3, 2017, The United States Department of Veterans Affairs Office of Chief Counsel sent a letter notifying the Plaintiff that the United States Department of Veterans Affairs, Office of Chief Counsel received Plaintiff's Standard Form 95's, *Claim of Damage, Injury, or Death,* on May 11, 2017. (*See* July 3, 2017 letter attached hereto and marked as Exhibit B).

4. As of March 28, 2017, The United States of America had not sent Plaintiff a notice of final determination of the administrative tort claim. Accordingly, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2675(a) and 2401(b), the United States of America by its agent, has made a final disposition of the claim.

5. Wesley Jordan was born on July 2, 1953.

6. At all times relevant to this Complaint, Christina Smith, MD, was a physician resident licensed to practice her profession in the State of Illinois.

7. At all times relevant to this Complaint, Christina Smith, MD, was an actual, implied and apparent agent, servant and employee of United States of America.

8. At all times relevant to this Complaint, Christina Smith, MD, was acting within the scope of her employment with Defendant, United States of America, and as such, the Defendant, United States of America, is vicariously liable for her negligent conduct.

9. At all times relevant to this Complaint, Mikhail Vager, MD, was a physician licensed to practice in the State of Illinois.

10. At all times relevant to this Complaint, Mikhail Vager, MD, was an actual, implied and apparent agent, servant and employee of United States of America.

11. At all times relevant to this Complaint, Mikhail Vager, MD, was acting within the scope of his employment with Defendant, United States of America, and as such, the Defendant,

United States of America, is vicariously liable for his negligent conduct.

12. At all times relevant to this Complaint, the Defendant, United States of America, through its duly authorized agents including, but not limited to, Mikhail Vager, MD and Christina Smith, MD, held itself out to the public, and, in particular, to Wesley Jordan, as possessing the requisite professional skill, expertise, knowledge, facilities, personnel and information to provide appropriate medical services required by a patient, and in particular, to Wesley Jordan.

13. On or about May 19, 2015, Wesley Jordan came under the care and treatment of Mikhail Vager, MD and Christina Smith, MD, at Edward Hines Jr. Veterans Administration Hospital located at 5000 5th Ave in Hines, Illinois.

14. On May 19, 2015, Mikhail Vager, MD and Christina Smith, MD attempted to place a central line for anesthesia for Wesley Jordan prior to a coronary artery bypass graft.

15. During the placement of the central line, Wesley Jordan suffered an iatrogenic injury to an artery.

16. Following the iatrogenic artery injury, vascular surgeons, Ashanga Yatawatta, MD and Aliana Lasinski, MD, performed an exploration and repair of the right vertebral artery and right internal jugular vein.

17. On May 19, 2015, an MRI confirmed that Henry has suffered a right cerebellar subacute stroke.

18. On May 19, 2015, Wesley Jordan relied on the Defendant, United States of America through its agents including, but not limited to, Mikhail Vager, MD and Christina Smith, MD, to provide and direct his complete medical care and to appropriately insert a central line.

19. At all times mentioned herein, it became and was the duty of the Defendant, United States of America, through its actual, implied and apparent agents, servant and employees, including physicians and other healthcare professionals including Mikhail Vager, MD and Christina Smith, MD, to possess and use the knowledge, skill, and care ordinarily used by a reasonably careful physician under similar circumstances.

20. The Defendant, United States of America, through its actual, implied and apparent agents, servants and employees including, but not limited to, Mikhail Vager, MD and Christina Smith, MD, failed to possess and apply the knowledge, skill, and care ordinarily used by a reasonably careful physician and a reasonably careful anesthesiologist under similar circumstances in its care and treatment of Wesley Jordan by one or more of the following negligent acts or omissions:

   a. Carelessly and negligently failed to use confirmatory tests to assure that the Cordis sheath was placed into the internal jugular vein as opposed to an artery in the neck;
   b. Carelessly and negligently failed to check the pulsatility of blood;
   c. Carelessly and negligently failed to note the color of blood from the vessel to discern whether it was of arterial or venous origin;
   d. Carelessly and negligently failed to transduce the vessel prior to the insertion of the Cordis to verify the venous nature of the vascular structure;
   e. Carelessly and negligently failed to use the appropriate methodology in the placement of a Cordis sheath into Wesley Jordan;
   f. Carelessly and negligently placed the Cordis device into an arterial structure; and
   g. Carelessly and negligently failed to ensure that a resident was properly supervised when placing a Swan-Ganz catheter.

21. As a direct and proximate result of the Defendant, United States of America's negligent treatment of Wesley Jordan on May 19, 2015 Wesley Jordan sustained injuries including, but not limited to, an iatrogenic right vertebral artery injury, resulting in an embolic stroke, which necessitated extensive hospitalizations and medical treatment, significantly reduced his five year survival rate and shortened his life expectancy.

22. As a direct and proximate result of the Defendant, United States of America's negligent treatment, Wesley Jordan suffered injuries of a personal and pecuniary nature, including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering, physical and emotional trauma, and an overall deterioration of his physical and mental well-being.

23. Attached to this Complaint as Exhibit C is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

24. Attached to this Complaint as Exhibit D is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

Wherefore, the Plaintiff, Katherine J. Henry, as Plenary Guardian of the Estate and Person of Wesley Jordan, asks that a judgment be entered against Defendant, United States of America, in the amount of twenty-five million dollars ($25,000,000).

## COUNT II

(Katherine J. Henry, as Plenary Guardian of the Estate and Person of Wesley Jordan v. Christina Smith, MD)

The Plaintiff, Katherine J. Henry, as Plenary Guardian of the Estate and Person of Wesley Jordan, by her attorneys, Levin & Perconti, complains against the Defendant, Christina Smith, MD, and in support thereof states as follows:

1. Wesley Jordan was born on July 2, 1953.

2. At all times relevant to this Complaint, Christina Smith, MD, was a physician resident licensed to practice her profession in the State of Illinois.

3. At all times relevant to this Complaint, Christina Smith, MD, was an actual, implied and apparent agent, servant and employee of United States of America.

4. At all times relevant to this Complaint, Christina Smith, MD, was acting within

the scope of her employment with Defendant, United States of America, and as such, the Defendant, United States of America, is vicariously liable for her negligent conduct.

5. At all times relevant to this Complaint, the Defendant, Christina Smith, MD, held herself out to the public, and, in particular, to Wesley Jordan, as possessing the requisite professional skill, expertise, knowledge, facilities, personnel and information to provide appropriate medical services required by a patient, and in particular, to Wesley Jordan.

6. On or about May 19, 2015, Wesley Jordan came under the care and treatment of Christina Smith, MD, at Edward Hines Jr. Veterans Administration Hospital located at 5000 5th Ave in Hines, Illinois.

7. On May 19, 2015, Christina Smith, MD attempted to place a central line for anesthesia for Wesley Jordan prior to a coronary artery bypass graft.

8. During the placement of the central line, Wesley Jordan suffered an iatrogenic injury to an artery.

9. Following the iatrogenic artery injury, vascular surgeons, Ashanga Yatawatta, MD and Aliana Lasinski, MD, performed an exploration and repair of the right vertebral artery and right internal jugular vein.

10. On May 19, 2015, an MRI confirmed that Henry has suffered a right cerebellar subacute stroke.

11. On May 19, 2015, Wesley Jordan relied on the Defendant, Christina Smith, MD, to provide and direct his complete medical care and to appropriately insert a central line.

12. At all times mentioned herein, it became and was the duty of the Defendant, Christina Smith, MD, to possess and use the knowledge, skill, and care ordinarily used by a reasonably careful physician under similar circumstances.

13. The Defendant, Christina Smith, MD, failed to possess and apply the knowledge, skill, and care ordinarily used by a reasonably careful physician and a reasonably careful anesthesiologist under similar circumstances in its care and treatment of Wesley Jordan by one or more of the following negligent acts or omissions:

   a. Carelessly and negligently failed to use confirmatory tests to assure that the Cordis sheath was placed into the internal jugular vein as opposed to an artery in the neck;
   b. Carelessly and negligently failed to check the pulsatility of blood;
   c. Carelessly and negligently failed to note the color of blood from the vessel to discern whether it was of arterial or venous origin;
   d. Carelessly and negligently failed to transduce the vessel prior to the insertion of the Cordis to verify the venous nature of the vascular structure;
   e. Carelessly and negligently failed to use the appropriate methodology in the placement of a Cordis sheath into Wesley Jordan; and
   f. Carelessly and negligently placed the Cordis device into an arterial structure.

14. As a direct and proximate result of the Defendant, Christina Smith, MD's negligent treatment of Wesley Jordan on May 19, 2015 Wesley Jordan sustained injuries including, but not limited to, an iatrogenic right vertebral artery injury, resulting in an embolic stroke, which necessitated extensive hospitalizations and medical treatment, significantly reduced his five year survival rate and shortened his life expectancy.

15. As a direct and proximate result of the Defendant, Christina Smith, MD's negligent treatment, Wesley Jordan suffered injuries of a personal and pecuniary nature, including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering, physical and emotional trauma, and an overall deterioration of his physical and mental well-being.

16. Attached to this Complaint as Exhibit C is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

17. Attached to this Complaint as Exhibit D is the Health Professional's Report, filed

pursuant to 735 ILCS 5/2-622(a)(1).

Wherefore, the Plaintiff, Katherine J. Henry, as Plenary Guardian of the Estate and Person of Wesley Jordan, asks that a judgment be entered against Defendant, Christina Smith, MD, in the amount of twenty-five million dollars ($25,000,000).

Respectfully submitted,
**LEVIN & PERCONTI**

BY: *[signature]*
Attorneys for Plaintiff

John J. Perconti (jjp@levinperconti.com)
Michael F. Bonamarte (mfb@levinperconti.com)
**LEVIN & PERCONTI**
325 North LaSalle Street Suite 450
Chicago, IL 60654
312 332-2872
312 332-3112 (facsimile)

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Brent Pope, Chief Counsel<br>Office of Regional Counsel, Edward Hines VA Hospital<br>5000 South 5th Avenue, Bldg 1, Room G131<br>Hines, Illinois 60141 | Katherine J. Henry, claimant's guardian- see letters of office<br>Wesley E. Jordan, claimant)<br>8127 South Shore Drive<br>Chicago, Illinois 60617 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 07/02/1953 | Single | 05/19/2015 | AM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

This is a medical malpractice case arising out of Defendants, Jesse Brown VA Medical Center, Mikhail Vager, MD, and Christina Smith, MD's failure to properly place a central line in order to provide anesthesia for a coronary artery bypass graft which led to a significant injury to Wesley E. Jordan including, but not limited to, an iatrogenic right vertebral artery injury and stroke.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

As a result of Defendants' negligence, Wesley E. Jordan suffered an iatrogenic right vertebral artery injury, resulting in a cerebral vascular accident (stroke), and will incur lifelong medical and care-taking expenses (amount to be determined).

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Katherine J. Henry for Wesley E. Jordan | 8127 South Shore Drive, Chicago, Illinois 60617 |
| Mikhail Vager, MD | 2875 West 19th Street, Chicago, Illinois 60623 |
| Christina Smith, MD | 50 Irving Street, NW, Washington, DC 20422 |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
|  | 25,000,000 |  | 25,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 773-593-4411 | 05/11/2017 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2



EXHIBIT A

| INSURANCE COVERAGE | | |
|---|---|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. | | |
| 15. Do you carry accident insurance? ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No<br><br>N/A | | |
| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No<br><br>N/A | | 17. If deductible, state amount.<br><br>0.00 |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).<br><br>N/A | | |
| 19. Do you carry public liability and property damage insurance? ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No<br><br>N/A | | |

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
  B. *Principal Purpose:* The information requested is to be used in evaluating claims.
  C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
  D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK



U.S. Department of Veterans Affairs
Office of General Counsel

Office of Chief Counsel
Midwest District - West
In Reply Refer To: GCL341643

July 3, 2017

Katherine J. Henry
8127 South Shore Drive
Chicago, IL 60617

      RE:    Your Administrative Tort Claim re: Wesley Jordan

Dear Mrs. Henry:

The U.S. Department of Veterans Affairs (VA), Office of Chief Counsel, received your corrected Standard Form 95, *Claim for Damage, Injury, or Death*, on May 11, 2017. You claim $25,000,000.00 total in damages.

Under the Federal Tort Claims Act (FTCA), 28 U.S. Code §§ 1346(b) and 2671-2680, VA has six months to consider a claim before you have the option to file suit in U.S. District Court. 28 U.S. Code § 2675. We will make every effort to meet that goal while thoroughly investigating your claim.

Under 28 Code of Federal Regulations § 14.4 which implements the FTCA, we may request further information as part of our investigation. The investigator assigned to your claim will contact you concerning what additional information is necessary for your claim. However, should you have any of the information listed below, please provide this information to the investigator assigned as soon as possible:

    1.    Copies of any non-VA medical records related to the alleged injury or injuries, if applicable.
    2.    Copies of medical bills from non-VA providers related to the alleged injury or injuries, if applicable.
    3.    Sources and amounts of income to include Social Security, retirement, pensions, VA benefits and copies of past federal income tax returns.
    4.    If claiming any loss of time from employment, a written statement from the employer listing time off work and the wages lost because of the injury. If claiming a loss of self-employment, evidence of the earnings lost.
    5.    Any other information and documents that may support the claim, including a medical opinion, if obtained.

                Office of Chief Counsel (02)
                Attn: Elizabeth Martin
                Building 25, Room 308
                1 Jefferson Barracks Drive
                St. Louis, MO 63125
                202-276-0729



Scanned by

EXHIBIT B

28 C.F.R. § 14.4 Administrative claims; evidence and information to be submitted.

(a) *Death.* In support of a claim based on death, the claimant may be required to submit the following evidence or information:
(1) An authenticated death certificate or other competent evidence showing cause of death, date of death, and age of the decedent.
(2) Decedent's employment or occupation at time of death, including his monthly or yearly salary or earnings (if any), and the duration of his last employment or occupation.
(3) Full names, addresses, birth dates, kinship, and marital status of the decedent's survivors, including identification of those survivors who were dependent for support upon the decedent at the time of his death.
(4) Degree of support afforded by the decedent to each survivor dependent upon him for support at the time of his death.
(5) Decedent's general physical and mental condition before death.
(6) Itemized bills for medical and burial expenses incurred by reason of the incident causing death, or itemized receipts of payment for such expenses.
(7) If damages for pain and suffering prior to death are claimed, a physician's detailed statement specifying the injuries suffered, duration of pain and suffering, any drugs administered for pain, and the decedent's physical condition in the interval between injury and death.
(8) Any other evidence or information which may have a bearing on either the responsibility of the United States for the death or the damages claimed.

(b) *Personal injury.* In support of a claim for personal injury, including pain and suffering, the claimant may be required to submit the following evidence or information:
(1) A written report by his attending physician or dentist setting forth the nature and extent of the injury, nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity. In addition, the claimant may be required to submit to a physical or mental examination by a physician employed by the agency or another Federal agency. A copy of the report of the examining physician shall be made available to the claimant upon the claimant's written request provided that he has, upon request, furnished the report referred to in the first sentence of this paragraph and has made or agrees to make available to the agency any other physician's reports previously or thereafter made of the physical or mental condition which is the subject matter of his claim.
(2) Itemized bills for medical, dental, and hospital expenses incurred, or itemized receipts of payment for such expenses.
(3) If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment.
(4) If a claim is made for loss of time from employment, a written statement from his employer showing actual time lost from employment, whether he is a full or part-time employee, and wages or salary actually lost.
(5) If a claim is made for loss of income and the claimant is self-employed, documentary evidence showing the amounts of earnings actually lost.
(6) Any other evidence or information which may have a bearing on either the responsibility of the United States for the personal injury or the damages claimed.

(c) *Property damage.* In support of a claim for injury to or loss of property, real or personal, the claimant may be required to submit the following evidence or information:
(1) Proof of ownership.
(2) A detailed statement of the amount claimed with respect to each item of property.
(3) An itemized receipt of payment for necessary repairs or itemized written estimates of the cost of such repairs.
(4) A statement listing date of purchase, purchase price and salvage value, where repair is not economical.
(5) Any other evidence or information which may have a bearing on either the responsibility of the United States for the injury to or loss of property or the damages claimed.

Scanned by CamScanner

If you have any questions or concerns, you may communicate directly with the investigator, who will be happy to assist. The investigator may not, however, provide legal advice, recommendations, or represent you for any purpose. If you believe that you need legal advice on your claim, you should contact an attorney for assistance. If you do, please be sure that your attorney notifies this office of the representation immediately.

A combination of Federal and state laws govern FTCA claims; some state laws may limit or bar a claim or lawsuit. VA legal staff handling FTCA claims work for the Federal government, and cannot provide legal advice on state or Federal law or on filing requirements.

Thank you for your cooperation.

Sincerely,

Elizabeth Martin,
Staff Attorney
U.S. Department of Veterans Affairs
Office of Chief Counsel
Torts Law Group

Scanned by CamScanner

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Katherine J. Henry, as Plenary Guardian of the Estate and Person of Wesley Jordan<br><br>Plaintiff,<br><br>versus<br><br>United States of America and Christina Smith, MD<br><br>Defendant. | Case No. |

**ATTORNEYS AFFIDAVIT PURSUANT TO 735 ILCS 5/2-622**

    YOUR AFFIANT, Michael F. Bonamarte, attorney for the Plaintiff herein, Katherine J. Henry, as Plenary Guardian of the Estate and Person of Wesley Jordan, being first duly sworn, deposes and states that:

    1.    I am one of the attorneys for the Plaintiff herein, Katherine J. Henry, as Plenary Guardian of the Estate and Person of Wesley Jordan.

    2.    I have consulted and reviewed the facts surrounding the treatment of Wesley Jordan, by Christina Smith, MD and the United States of America, through its agents, implied and apparent agents, servants and/or employees including, but not limited to, Mikhail Vager, MD and Christina Smith, MD, with a physician licensed to practice medicine in all its branches who I reasonably believe is (i) knowledgeable in the relevant issues involved in this particular action, (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action, and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501.

    3.    The said reviewing physician is qualified by experience or has demonstrated competence in the subject of this case and has determined in a written report (a copy of which is



attached hereto), after a review of Wesley Jordan's medical records and other relevant material, that there is a reasonable and meritorious cause for the filing of this action against the United States of America and Christina Smith, MD.D

4. I have concluded, on the basis of the said review and consultation of the reviewing physician, that there is a reasonable and meritorious cause for the filing of this action against the United States of America and Christina Smith, MD.

5. True and correct copies of the reports of the reviewing physician are attached hereto.

By: _____
Michael F. Bonamarte

Subscribed and sworn to before me
this 28th day of March, 2018.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
MARIA V WITVLIET
Notary Public, State of Illinois
My Commission Expires 12/1/2021

LEVIN & PERCONTI (#55019)
325 North LaSalle Street, Suite 450
Chicago, Illinois 60654
(312) 332-2872
(312) 332-3112 fax

RE: Wesley E. Jordan

## HEALTH PROFESSIONAL'S REPORT

1. I am a physician licensed to practice medicine in all its branches and practice as an anesthesiologist.

2. I am knowledgeable in the relevant issues involved in this particular action.

3. I have practiced within the last 6 years in the same area of health care or medicine that is at issue in this particular action and/or have taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action;

4. I am qualified by experience and have demonstrated competence in the subject of this cause.

5. I am familiar with the standard of care for anesthesiologists and residents in the placement of Swan-Ganz catheters.

6. I have read and reviewed documents including, but not limited to, the following records in this case:

    a. **Edward Hines, Jr. Va Hospital**
       Dates of Treatment: 5/01/15-5/17/15

7. Based upon my experience, training, and knowledge, and my review of the above records, it is my opinion, to a reasonable degree of medical certainty that the care and treatment provided to Wesley Jordan at Hines VA by Christina Smith, MD fell below the minimum standard of care and constituted negligence as follows:

    a. The failure to use the appropriate methodology in the placement of a Cordis sheath into Mr. Jordan. This included:

        -The failure to use confirmatory tests to assure that the Cordis sheath was placed into the internal jugular vein as opposed to an artery in the neck. This included but was not limited to checking pulsatility of blood, noting the color of blood from the vessel to discern whether it was of arterial or venous origin, and transducing the vessel prior to the insertion of the Cordis to verify the venous nature of the vascular structure.

        - The placing of the Cordis device into an arterial structure; a potentially life threatening mistake

8. As a result of the failures of care by Christina Smith, MD, Wesley Jordan sustained injuries including, but not limited to, an iatrogenic right vertebral artery injury, resulting in an embolic stroke.

_____
Signature

_____
Date

EXHIBIT D

RE:   Wesley E. Jordan
## HEALTH PROFESSIONAL'S REPORT

1. I am a physician licensed to practice medicine in all its branches and practice as an anesthesiologist.

2. I am knowledgeable in the relevant issues involved in this particular action.

3. I have practiced within the last 6 years in the same area of health care or medicine that is at issue in this particular action and/or have taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action;

4. I am qualified by experience and have demonstrated competence in the subject of this cause.

5. I am familiar with the standard of care for anesthesiologists and residents in the placement of Swan-Ganz catheters.

6. I have read and reviewed documents including, but not limited to, the following records in this case:

   a. **Edward Hines, Jr. Va Hospital**
      Dates of Treatment:   5/01/15-5/17/15

7. Based upon my experience, training, and knowledge, and my review of the above records, it is my opinion, to a reasonable degree of medical certainty that the care and treatment provided to Wesley Jordan at Hines VA by the United States of America through Mikhail Vagar, MD and Christina Smith, MD fell below the minimum standard of care and constituted negligence as follows:

   a. The failure to use the appropriate methodology in the placement of a Cordis sheath into Mr. Jordan. This included:

      -The failure to use confirmatory tests to assure that the Cordis sheath was placed into the internal jugular vein as opposed to an artery in the neck. This included but was not limited to checking pulsatility of blood, noting the color of blood from the vessel to discern whether it was of arterial or venous origin, and transducing the vessel prior to the insertion of the Cordis to verify the venous nature of the vascular structure.

      - The placing of the Cordis device into an arterial structure; a potentially life threatening mistake

   b. The failure to ensure that a resident was properly supervised when placing a Swan-Ganz catheter.

8. As a result of the failures of care at Hines VA by the United States of America, Wesley Jordan sustained injuries including, but not limited to, an iatrogenic right vertebral artery injury, resulting in an embolic stroke.

_____
Signature

_____
Date