UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE HENRY, ) | |
| ) | No. 18 C 2230 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Magistrate Judge Gabriel A. Fuentes |
| UNITED STATES OF AMERICA and ) | |
| CHRISTINA SMITH, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the magistrate judge on consent. The Court enters the following further order as to pre-trial procedures, the content of the pre-trial order now due 1/8/21, and the trial set to begin 1/25/20 at 9:30 a.m. in Courtroom #1838 by video conference using Cisco CMS. To the extent that this order varies from the Court's Standing Order for Pretrial Procedures in Consent Cases, this Order governs. The parties previously have estimated that this trial will last four to five court days. This Order also makes scheduling adjustments from the Court's previous order dated 10/6/20 (D.E. 90), so counsel is directed to review this Order carefully.

1. *Trial on Cisco CMS platform.* The Court would like the trial to proceed entirely on the Cisco CMS video platform. Accordingly, counsel for the parties must provide their relevant contact information, along with that of each witness, to the courtroom deputy by email at the time the pre-trial order is due.

2. *Witnesses on the video platform.* The use of video for the conduct of remote depositions has generated concern in some quarters about the degree to which counsel or other persons might attempt to "coach" witnesses. The parties are

directed to follow the protocol for communication with witnesses during their testimony as set forth in *In re Broiler Chicken Antitrust Litig.*, No. 16 C 8637, (N.D. Ill.) (D.E. 3729). In essence, there shall be no communication with any witness during the witness's testimony, by counsel or any party, verbal or nonverbal, and no other person shall be in the room occupied by the witness during the trial testimony. If any witness requires representation, counsel for such witness shall appear by video from a separate location. The party presenting the witness may not communicate with the witness at all once the witness is tendered for cross-examination. The Court will instruct each witness that upon the objection of any counsel, the witness is to stop testifying further until the objection has been ruled upon.

3. *Public access.* The trial, like any civil trial, shall be publicly accessible in that any member of the public may enter the courtroom to observe. In addition, an audio feed will be available to the public through Cisco CMS or other appropriate medium.

4. *Court reporter.* A court reporter shall be connected to the proceedings by Cisco CMS video and will transcribe the proceedings fully.

5. *Trial time.* Trial days will begin at 9:30 a.m. and end at 4:30 p.m., with a 90-minute lunch break at approximately noon in the Court's discretion. Counsel should plan on being connected, and having any witness connected, at least 10 minutes before the trial's start or re-start time. Counsel should have witnesses "lined up" and available so that the trial is not delayed because a party "ran out of witnesses for the day." Further, parties shall orally advise their adversaries,

by 5 p.m. or the end of each trial day (and by 5 p.m. on the Friday before the trial), of their best estimate of which witnesses they intend to call on the following trial day.

6. *Trial briefs.* No trial brief is to be submitted without leave of Court.

7. *Closing arguments.* At the conclusion of the evidence, the Court will take up with the parties the time allotments for closing arguments, but in no event shall any rebuttal argument be longer than 25% of the time Plaintiff expended in the opening closing.

8. *Pre-trial conference.* The pre-trial conference in this matter is reset to 1/12/21 at 11 a.m., by telephonic connection. The courtroom deputy will supply the parties with the call-in number in advance of the conference, which shall be open to the public. At the pretrial conference, the Court will address listed motions *in limine*, objections to exhibits, and objections to designations of depositions or other prior testimony. The purpose of this conference is to avoid surprises and simplify the trial. ***Trial counsel fully prepared and with authority to discuss all aspects of the case must attend.***

9. *Proposed findings of fact and conclusions of law:* Proposed findings of fact and conclusions of law are not to be included in the final pretrial order, but are to be separately filed by 5 p.m. 1/15/21. No courtesy copies need be delivered to chambers.

10. *Scheduling and content of the pre-trial order.* The due date for the pre-trial order is moved to 1/8/21 by 5 p.m. The pre-trial order shall contain the following items below, and Plaintiff's counsel must provide a draft of these

materials to defendant's counsel by no later than 5 p.m. 12/14/20, and Defendants' counsel must respond in writing to the draft by no later than 5 p.m. 12/21/20. That response must include any objections, changes or additions proposed to the Plaintiff's draft pre-trial order and any of its content. The parties are required to meet and confer by no later than 1/5/21 to discuss their respective drafts, and they should attempt to reach agreement to the maximum extent possible. It is then the responsibility of the Plaintiff's counsel – with full cooperation from Defendants' counsel – to assemble the version of the pretrial order to be filed. These scheduling dates for the exchange of drafts and personal consultation are designed to minimize disputes between the parties, to ensure the timely filing of the final pretrial order, and to be respectful of important holidays. The schedule may be varied by Court order, but if so, a brief motion shall be filed no later than 12/4/20. The content of the pre-trial order shall be as follows:

    a. A statement of the basis alleged for the Court's jurisdiction and, if jurisdiction is disputed, the nature and basis of the dispute.

    b. A concise joint statement of the case, which includes the names of the parties and the attorneys who will be representing them at trial; the nature of the case; the claims, counterclaims and cross-claims; and the defenses raised to those claims.

    c. A statement of any stipulations reached by the parties.

    d. Separate lists for Plaintiff and Defendants providing the names and addresses of witnesses, including experts, divided into the following

three categories: (a) witnesses who *will* be called to testify at trial; (b) witnesses who *may* be called to testify at trial; and (c) witnesses whose testimony will be presented by deposition or other prior testimony (indicating whether the presentation will be by transcript or video). ***All expert witnesses who will or may be called must be included on the witness list, along with a brief statement of the topic of each expert's testimony***. The parties also shall supply the Court, at least seven calendar days in advance of trial, with electronic copies of each witness's deposition transcript, for the sake of efficiency during examinations in which any party seeks to use a transcript for impeachment purposes.

e. All objections to the calling of any witnesses, and the reasons for the objections. For witnesses who will be presented by deposition or other prior testimony, the pretrial order must include for each such witness a chart containing the following information: (a) the testimony that each side seeks to present, by page and line; (b) a concise statement of objections to any testimony and the basis for the objections; and (c) a concise statement of the asserted basis of admissibility.

f. An itemization of Plaintiff's claimed damages and any other relief sought.

g. A list of the titles of all proposed motions *in limine*. Before listing any motions *in limine* in the final pretrial order, the parties shall meet and confer in order to ensure that they list only those motions that are in

5

      dispute. No motions *in limine* shall be filed with the final pretrial order. At the pretrial conference, the Court will hear argument on the proposed motions and decide which ones warrant briefing.

  h. Lists of the trial exhibits (including demonstratives, summaries or other specially prepared exhibits), which are to be prepared in the following manner:

     i. For joint exhibits: (a) the exhibit number for the document (preceded by "JX"); (b) the date of the document; and (c) a brief description of the document.

     ii. For Plaintiff's and Defendants' respective exhibits: the exhibit number of the document (preceded by "PX" for Plaintiff's exhibits and "DX" for Defendant's exhibits); (b) the date of the document; (c) a brief description of the document; (d) whether there is an objection to admission of the document and, if so, a concise statement of the basis for the objection (*e.g.*, Rule 402 - relevance; Rule 403 - undue prejudice or confusion); and (e) *a concise statement of the asserted basis of admissibility*.

**SO ORDERED.**

                **ENTER:**

                _____
                **GABRIEL A. FUENTES**
                **United States Magistrate Judge**

**DATED: October 19, 2020**