IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KATHERINE J. HENRY,** as Plenary Guardian of the estate of Wesley Jordan, | ) ) ) | |
| Plaintiff, | ) ) | No. 18 C 2230 |
| v. | ) ) | Magistrate Judge Gabriel A. Fuentes |
| **UNITED STATES OF AMERICA**, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this matter before the magistrate judge on consent (D.E. 64), Plaintiff Wesley Jordan ("Plaintiff"), through his estate administrator Katherine Henry, sued the United States of America ("Defendant") under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, based on an agency theory for medical negligence. Plaintiff prevailed at a bench trial, obtaining an award of $6,194,109 in total damages. (D.E. 132, 142.) Three days after the Court entered judgment on October 22, 2021, Plaintiff died. Defendant has moved under Federal Rule of Civil Procedure 59 to for a new trial or for an amendment in the judgment to reduce the award to $3,654,524.31, arguing that Plaintiff's death "clearly establishes" that instead of living for 11 years (as the parties had expected) after his injury from a cardiac bypass surgery that went awry, Plaintiff lived only about 6.5 years. Motion to Amend Judgment or for New Trial. ("Mot."; D.E. 145) ¶¶ 4-8.

**BACKGROUND**

The bench trial in this matter occurred from January 25 through 29, 2021. (D.E. 107-111.) After the evidence concluded, the Court took briefing on certain complex proximate causation issues under Illinois law, with the briefing having concluded on February 23, 2021. (D.E. 129,

130.) Upon consideration of that briefing, the Court issued its findings of fact and conclusions of law on April 28, 2021, finding for Plaintiff on liability. (D.E. 132.) Unlike a jury, the Court is not permitted to return a liability verdict, followed by a damages award, with no explanation; rather, the Court must connect its findings to the trial evidence and consider damage awards in comparable cases. *See Arpin v. United States*, 521 F.3d 769, 776 (7th Cir. 2008); *Jutzi-Johnson v. United States*, 263 F.3d 753, 758-59 (7th Cir. 2001). The Court took further damages briefing that concluded on May 24, 2021. (D.E. 137, 138.) The Court entered its order on damages on October 22, 2021, awarding Plaintiff $6,194,109.00 in total damages, including $6 million in non-economic damages for his past and future pain and suffering over his projected 11-year life expectancy. (D.E. 141.) The 11-year life expectancy as of the time of trial and judgment was not disputed. *See* United States' Post-Trial Brief on Damages (D.E. 135) at 1 ("The United States likewise does not contest that Jordan would be expected to live for about an additional 11 years after the date of his injury.") Three days after the October 22 judgment, Plaintiff died, Mot. ¶ 3, prompting Defendant to file the instant Motion.

## ANALYSIS

Rule 59 allows litigants to seek a new trial or an amendment or altering of a judgment on motion filed within 28 days of that judgment, whereas Rule 60 allows for "relief" from a judgment on a motion filed within a "reasonable" time, or in the case of "newly discovered evidence" per Rule 60(b)(2), within a year of judgment. Fed. R. Civ. P. 59, 60. In moving under Rule 59, Defendant makes a passing reference to Rule 60(b)(2) to suggest that whereas relief under Rule 60(b)(2) is available only under "exceptional circumstances," Defendant's hurdle on its Rule 59(a) and (e) is not as high because Rule 59 "requires only that the movant 'clearly establish' one of the enumerated grounds for relief." *Id.* ¶ 4. The Motion calls on the Court to look closely at the

2

available grounds for relief under Rule 59(e), the circumstances under which "newly discovered evidence" might justify granting relief, and whether Plaintiff's death three days after judgment is a ground for either a new trial on damages or an order slashing the damages award in this case. Whether to grant or deny relief on a Rule 59 motion is squarely within the discretion of this Court. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995).

I. **Courts Including the Seventh Circuit Have Recognized "Newly Discovered Evidence" As a Possible But Rare Ground for Altering a Judgment Under Rule 59.**

Rule 59 itself does not refer at all to "newly discovered evidence" as a ground for a new trial or for altering or amending a judgment. Fed. R. Civ. P. 59. Instead, Rule 59(a) allows courts to grant a new trial "after a non-jury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). Further, aside from granting a new trial, courts may, after a non-jury trial and on a motion for a new trial, "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, *and direct the entry of a new judgment*." Fed. R. Civ. P. 59(a)(2) (emphasis added). Support for including "newly discovered evidence" as a ground for Rule 59 relief may be found in Rule 60(b)(2), which allows motions for relief from a judgment where newly discovered evidence "by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ, P. 60(b)(2). When read together, Rules 59 and 60 suggest that if a party reasonably could have discovered the new evidence before the running of the 28-day window for Rule 59 motions, *see* Fed. R. Civ. P. 59(e), that party could advance the new evidence as grounds for relief from the judgment under Rule 59, even if Rule 59 itself does not explicitly say so. *See* Advisory Committee Notes, 1946 Amendment ("By amendment of Rule 60(b), newly discovered evidence is made the basis for relief from a judgment

3

…. This ground remains, however, as a basis for a motion for new trial served not later than [the time frame applicable to Rule 59 motions in 1946].")

For its part, Defendant invokes Rule 59 to ask the Court to amend its findings and/or direct the entry of a new judgment for a lesser amount, based on Plaintiff having died after judgment but before the running of the 28-day period for filing a Rule 59 motion. *See* Mot. ¶ 8 ("[Plaintiff's estate should not be permitted to receive an award for future injuries that newly discovered evidence demonstrates [Plaintiff] will not suffer.") Defendant relies on the language of *Harrington v. City of Chicago,* 433 F.3d 542 (7th Cir. 2006), as support for its "newly discovered evidence" offering a possible ground for relief under Rule 59. Mot. ¶ 4, citing *Harrington*, 433 F.3d at 546 ("[a]ltering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact"). Defendant also relies on *Harrington* for the proposition that Rule 59(e) presents a lower hurdle than Rule 60(b)(2) when a movant wants to alter a judgment based on newly discovered evidence, in that the movant need only "'clearly establish' one of the enumerated grounds for relief." *Id.*, quoting *Harrington*, 433 F.3d at 546. With this, the Court has no quarrel. The problem instead is that the Rule 59 hurdle, even if lower than the one in Rule 60, still is high, particularly when it comes to "newly discovered evidence" as a ground for relief. Aside from recurring language in published Seventh Circuit decisions about "newly discovered evidence" being an available ground, cases in which relief was granted on that ground are difficult to find.

*Harrington*, for example, did not involve any motion to alter or amend the judgment, or for relief from a judgment, based on "newly discovered evidence." In *Harrington*, the Seventh Circuit affirmed the district court's denial of a plaintiff's vague motion for relief from the district court's dismissal of the action after plaintiff failed to participate in discovery or show up for court; the

4

*Harrington* opinion indicates that the motion offered no authority and no new evidence at all, just "some dates," "some excuses," and "promised future cooperation." 433 F.3d at 545. The district court construed the motion as one for relief from judgment under Rule 60(b), and the Seventh Circuit concluded that the district court did so correctly, because the motion was "simply a plea for the district court to excuse [the movant's] neglect in prosecuting th[e] case; as such, the motion advances no grounds to support Rule 59(e) relief." *Id.* at 546. *Harrington* affirmed the district court, *id.*, but the case otherwise offers no guidance about how courts ought to evaluate "newly discovered evidence" as a ground for Rule 59(e) relief or about how this Court might evaluate Defendant's request to amend the judgment here based on Plaintiff's death.

Our search for guidance on how "newly discovered evidence" could justify altering or amending a judgment under Rule 59(e) in the Seventh Circuit continued with *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119 (7th Cir. 2001), also relied on by Defendant. Mot. ⁋ 4. The Seventh Circuit in *Harrington* cited *Romo* for support in the above passage from *Harrington* relied on by the Motion. *See id.*; *Harrington*, 433 F.3d at 546. *Romo*, though, offers no clearer guidance to whether a tort plaintiff's post-judgment death could be "newly discovered evidence" in support of a motion for relief under Rule 59 or Rule 60(b)(2). In *Romo*, the district dismissed an action where the plaintiff's service of summons failed to comply with Rule 4 but where the failure had occurred before removal, so the applicable state procedural rule should have governed service. 250 F.3d at 1121-22. The district court dismissed the case on grounds of improper service, and the Seventh Circuit affirmed the district court's denial of plaintiff's motion for relief from judgment under Rule 60(b)(6), because service was held to have complied with the applicable state rule on service. *Id.* at 1122-23. In a footnote, the Seventh Circuit commented in *Romo* that Rule 59(e) motions present a lesser burden, for movants, than Rule 60(b) motions, and it even added that "Rule 59(e) requires

5

that the moving party clearly establish a manifest error of law or an intervening change in the controlling law *or present newly discovered evidence.*" *Id.* at 1122 n.3 (emphasis added). But the outcome in *Romo*, as in *Harrington*, had nothing to do with newly discovered evidence.

Nor did the outcome in *Cosgrove v. Bartolotta,* 150 F.3d 729 (7th Cir. 1998), the case the Seventh Circuit cited in the *Romo* footnote. In *Cosgrove*, the Seventh Circuit treated a defendant's motion for a new trial as a Rule 50(b) motion for judgment notwithstanding the verdict and reversed the district court's striking of promissory estoppel damages on that motion, holding that the question of reliance on the promisor's promises should have been left for the jury. *Id.* at 733-34. Defendant in the instant matter relies entirely on the language in *Harrington*, and not on any case actually holding that newly discovered evidence warranted amending the judgment or could be a basis for a Rule 59(e) motion.

The Court's independent research yielded plenty of Seventh Circuit decisions containing the rote language including "newly discovered evidence" as among the grounds for Rule 59(e) relief, but no decision that specified how "newly discovered evidence" supported relief from a judgment or that held Rule 59(e) relief to be permissible based on facts that did not exist at the time of judgment but came into existence after it. In *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939 (7th Cir. 2013), the Seventh Circuit affirmed the district court's summary judgment grant concerning insurance proceeds distribution based on the validity of an assignment of those proceeds. *Id.* at 952. The Seventh Circuit construed the losing party's two reconsideration motions as having been brought under Rule 59(e) and affirmed the district court's denial of those motions. *Id.* at 953-56. Of note for our purposes is the second of those motions, because it relied on new evidence, namely deposition testimony, in another matter, calling into question the district court's finding that the assignment was supported by sufficient consideration. *Id.* The Seventh Circuit

6

held that denial of the Rule 59(e) motion was not an abuse of discretion because (1) the new evidence's impact on the district court's determination was a matter on which reasonable persons could disagree, and (2) *the deposition testimony pre-dated the summary judgment litigation and with reasonable diligence, the movant should have discovered it. Id.* at 955-56. The *Beyrer* panel applied the following standard to the movant's Rule 59(e) motion based on newly discovered evidence:

> "To succeed on a motion under Rule 59 [by invoking newly discovered evidence], a party must show that: (1) it has evidence that was discovered post-trial; (2) it had exercised due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result."

*Id.* at 955, quoting *Envtl. Barrier Co., LLC v. Slurry Sys., Inc.,* 540 F.3d 598, 608 (7th Cir. 2008).

The losing party in *Envtl. Barrier* sought unsuccessfully in the district court to overturn an arbitration award and then moved to reconsider, under Rule 59, arguing that the prevailing party at the arbitration had concealed an affidavit that contradicted the testimony of that party's sole witness and thus showed the arbitration award was procured by fraud or corruption. 540 F.3d at 608. The Seventh Circuit affirmed the district court's denial of the motion based on the district court's finding that the affidavit was cumulative, immaterial, and not bearing any relationship to the arbitration award the district court was confirming. *Id.* at 608-09. Nothing in *Envtl. Barrier* suggests anything other than that the affidavit existed before judgment and was not discovered until later, or at least not until a time after the arbitration award at issue in the case. In any event, the affidavit was not enough for the Court of Appeals to disturb the district court's confirmation of the award. *See also In the Matter of Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 78 F.3d 285, 293-94 (7th Cir. 1996) (affirming district court's denial of Rule 60(b) motion where the "newly discovered evidence" was comprised of environmental reports that were prepared one to

7

two years before the filing of the action and thus was evidence that was "not new or, to the extent it was new, that it was not material and would not have changed the underlying decision"); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270-71 (7th Cir. 1996) (affirming denial of motion to reconsider summary judgment where movant "candidly confesse[d] that the new evidence it sought to present, although unknown to it during the pendency of the cross-motions for summary judgment, could have been adduced earlier").

Decisions such as *Beyrer*, *Envtl. Barrier*, *In the Matter of Chicago, Milwaukee, St. Paul & Pacific*, and *Caisse Nationale* show that "newly discovered evidence," even if it existed at the time of trial, rarely if ever justifies amending the judgment on reconsideration. In these cases, district courts were affirmed in their discretionary calls that the "newly discovered evidence," although it existed before judgment, either was not sufficiently material to the outcome or could have been discovered earlier. Thus the "newly discovered evidence" in those cases fell outside of the circumstances that the Seventh Circuit, at least in the language of these cases, described as enough to prompt a court to consider seriously a proposed amendment or alteration of a previously entered judgment.

The fact that courts generally are loath to rely on such evidence to revisit a judgment is not surprising, because courts long have seen proper reconsideration motions, and new "evidence" or "facts" giving rise to them, as rare events. In a more classical interpretation of Rule 59 and its grounds for relief, the late Judge Milton I. Shadur of this district credited the late U.S. District Judge Dortch Warriner in describing the kinds of errors cognizable on reconsideration motions as errors of "apprehension":

> "The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a

8

> controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare."

*LaBouve v. Boeing Co.*, 387 F. Supp. 2d 845, 855 (N.D. Ill. 2005), quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

Judge Warriner's interpretation leaves room as well for the idea that newly discovered evidence could be a ground for altering or amending the judgment under Rule 59(e), but it comes with Judge Warriner's prescription that such occasions should be viewed as exceedingly rare. The Motion in this case seeks relief from a judgment for an even rarer event: the emergence, after judgment, of a condition or event that was not in existence at the time of the judgment. As explained below, the Court looked specifically for support for such an extension of permissible relief under Rule 59. We found none.

  II.  **The Seventh Circuit Has Not Recognized, as "Newly Discovered Evidence" Justifying Relief Under Rule 59 or 60, Evidence Not in Existence at the Time of Judgment.**

The parties and the Court's research did not identify any case, in any jurisdiction, in which the death of a plaintiff in a tort case, after judgment, provided grounds for altering the judgment as newly discovered evidence. The Seventh Circuit has held, in the context of Rule 60(b)(2) and its allowance for relief from judgment on grounds including newly discovered evidence, that evidence not in existence at the time of the trial does not qualify as "newly discovered evidence" under Rule 60(b)(2). *Peacock v. Board of Sch. Comm'rs of the City of Indianapolis*, 721 F.2d 210, 213 (7th Cir. 1983). The same conclusion applies to Rule 59, which the Seventh Circuit has described as sufficiently analogous so that "the same criteria apply in evaluating 'new evidence' offered under the two rules." *Id.*

*Peacock* offers guidance in exercising the Court's discretion to determine that Plaintiff's death three days after judgment does not call for an alteration or amendment of the judgment under

9

Rule 59. The Seventh Circuit in *Peacock* observed preliminarily that newly discovered evidence for purposes of these rules must first qualify as evidence "in some technical sense[,] rather than just factual information of some variety." *Id.* Defendant has offered no authority, in the Seventh Circuit or elsewhere, to support its position that Plaintiff's death is truly evidence in this "technical" sense, and not simply factual information. The Court will assume nonetheless, for the sake of argument, that Plaintiff's death is or could be evidence "in the technical sense." *Peacock* still makes clear that this condition or event, as evidence, still needed to exist at the time of trial to qualify as "newly discovered evidence" that would permit upending a judgment under Rule 59. *See id.* at 214 ("[u]nder Rule 59, the evidence must have been in existence at the time of trial, and by analogy, and as numerous courts and commentators have concluded, the requirement is the same for Rule 60(b)(2)"), citing 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2859 (1973); *Corex Corp. v. United States,* 638 F.2d 119, 121-22 (9th Cir. 1981) (holding that district court's reliance on an after-occurring event in granting relief under Rule 60(b)(2) was an abuse of discretion and reversible error), *overruled on other grounds*, *Falk v. Allen*, 733 F.2d 461, 463 (9th Cir. 1984); *Ryan v. U.S. Lines Co.,* 303 F.2d 430, 434 (2d Cir. 1962) (result of new physical examination was not "newly discovered evidence" that would permit opening the judgment); and *Brown v. Pennsylvania R. Co.,* 282 F.2d 522, 526-27 (3d Cir. 1960) (holding that disqualification for service of a railway employee one month after his FELA action was not "newly discovered evidence" justifying Rule 60(b)(2) relief), *cert. denied,* 365 U.S. 818 (1961). This Court's similar conclusion as to Plaintiff's death in this case is supported not just by the above-quoted language from *Peacock*, but by the holding of *Peacock*.

In *Peacock*, plaintiffs moved for reconsideration after their suit for injunction had been dismissed on the ground that the relief they sought would have conflicted with an order in a

separate desegregation case, in which the court said plaintiffs should have intervened. *Id.* at 212. The *Peacock* plaintiffs' intrepid solution was to move for intervention in that other case, and when their intervention motion was denied, they relied upon the denial as "newly discovered evidence" that warranted the setting aside of the court's dismissal of their injunction case. *Id.* The inability of the *Peacock* plaintiffs to intervene in the desegregation case did not exist at the time of the judgment in *Peacock*, and the Seventh Circuit held that as such, the intervention denial failed to qualify as a ground for relief under either Rule 59 or Rule 60. *Id.* at 214; *see also LAJIM, LLC v. General Elec. Co.*, 917 F.3d 933, 950 (7th Cir. 2019) ("Newly discovered evidence must have been in existence at the time of the original judgment or pertain to facts in existence at the time of the judgment."); *Censke v. United States*, 314 F.R.D. 609, 611 (N.D. Ill. 2016) (finding, on Rule 60(b)(2) motion, that medical report created after judgment "does not constitute newly discovered evidence, since it did not come into existence until almost two years after the trial"). *Cf. United States v. Bolden,* 355 F.2d 453, 461 (7th Cir. 1965) (holding, on consideration of a motion for a new trial in a criminal case based on witness's subsequent criminal conviction, that the "conviction was not evidence that was in existence at the time of the defendant's trial and therefore did not constitute evidence upon which a new trial could be based"), *cert. denied,* 384 U.S. 1012 (1966). The Seventh Circuit in *Peacock* reasoned that "requirement" in Rule 59 that the "newly discovered evidence" be in existence at the time of the trial is "subsumed" in the "due diligence" requirement of the analogous Rule 60(b)(2)'s language concerning "newly discovered evidence." 721 F.2d at 214. "[D]iligence is an issue only if there is evidence to be unearthed. Material not in existence until after trial falls within Rule 60(b)(2) only if it pertains to facts in existence at the time of trial." *Id.*, citing *Nat'l Anti-Hunger Coal. v. Exec. Comm. of the President's Private Sector Survey on Cost Control, et al.*, 711 F.2d 1071, 1075 n.3 (D.C. Cir. 1983) (affirming summary judgment grant

11

despite after-occurring task force reports that undermined district court's conclusion, and stating, "We recognize that the task force reports, whether characterized as 'newly discovered evidence' or 'changed circumstances,' [that] may bear heavily on the fundamental premise underlying the District Court's decision, but we cannot conclude that they warrant reversing or vacating its judgment."); and *United States v. Walus*, 616 F.2d 283, 302-04 (7th Cir. 1980) (reversing the district court's denial of a Rule 60(b)(2) motion for relief from a civil judgment revoking accused Nazi defendant's citizenship, where the rule's due diligence requirement for newly discovered evidence should not have barred defendant's offer, on reconsideration, of witness testimony and documents concerning World War II-era facts indicating that defendant was a forced laborer in a Nazi camp, and not a Gestapo member who committed war crimes).[1]

---

[1] The cited footnote from *Nat'l Anti-Hunger Coal.* suggests a tiny opening for Defendant's argument that Plaintiff's post-judgment death allows the judgment here to be revisited. In that footnote, the D.C. Circuit stated:

> It has sometimes been suggested that, "[t]o be 'newly discovered' [within the meaning of FED.R.CIV.P. 60(b)(2)], evidence must have been in existence at the time of the trial." We believe, however, that evidence falls within the rule as long as it "pertain[s] to facts in existence at the time of the trial, and not to facts that have occurred subsequently." *Although the task force reports did not come into existence until after the District Court's decision, they pertain to facts in existence at the time of that decision* since it seems highly unlikely that the scope of the Survey's inquiry changed radically in the short time between the release of the decision and the release of the first task force reports. If this speculation proves incorrect, we believe that the resulting altered circumstances could support a motion for relief from the judgment under FED.R.CIV.P. 60(b)(6).

711 F.2d at 1075 n.3 (internal citations omitted) (emphasis added). One might argue, from the D.C. Circuit's nuanced explanation of the efficacy of "newly discovered evidence" on reconsideration, that Plaintiff's life expectancy here was a "fact" in existence at the time of trial, and that his post-judgment death "pertains" to that fact. This Court disagrees, in its exercise of discretion on Defendant's Rule 59 motion. Plaintiff's expected life span itself was not truly a "fact," but rather was a mere expectation or estimate. *See Davis by Davis v. Jellico Community Hospital, Inc.*, 912 F.2d 129, 136 (6th Cir. 1990) ("*Davis*"). The pertinence of Plaintiff's post-judgment death to the parties' pre-judgment agreed estimate of his life span does not render his death "newly discovered evidence" justifying amendment of the judgment under Rule 59, for the reasons explained further in the Court's discussion below, in Part III, of the Sixth Circuit's decision in *Davis*.

The same reasoning applies here. No more pre-judgment diligence by Defendant here could have unearthed the fact of Plaintiff's post-judgment death, as Plaintiff was alive during the trial, and his death in October 2021 was an after-occurring event. As an after-occurring event, Plaintiff's death was not evidence in existence at the time of the trial or the judgment, and it is not a basis for a new trial here or for an alteration of amendment of any kind to the judgment.

### III. Persuasive Authority from Outside the Seventh Circuit and Significant Judicial Policy Concerns Weigh Against Considering Plaintiff's Death as "Newly Discovered Evidence" Supporting Alteration or Amendment of Judgment.

Finally, the weight of persuasive authority from other federal jurisdictions supports the Court's conclusion that Plaintiff's death is not a basis for a new damages trial or an amendment to the judgment.

The leading case by far is *Davis*. In *Davis,* the plaintiff in a medical malpractice negligence case won a $2.5 million jury verdict but then died 33 days after the verdict was rendered and after judgment was entered. 912 F.2d at 131. The Sixth Circuit analyzed Rules 59 and 60 in affirming the district court's denial of the defendant's hybrid motion for a new trial, for judgment notwithstanding the verdict, and for remittur. *Id.* at 131-37. The motion was rooted in defendant's claim that the plaintiff's death rendered "false" the trial's evidence of his life span. *Id.* at 134. The Sixth Circuit was "unimpressed by this nearly frivolous argument." *Id.* The Sixth Circuit unequivocally concluded that a plaintiff's death after judgment can never be grounds to disturb that judgment, because to so hold would be "to invite a morass of appeals from defendants in cases where the plaintiffs did not survive an 'acceptable' amount of time following the entry of final judgment." *Id.* at 135.

This Court could not agree more, as the regime called for by Defendant adds significant uncertainty and arbitrariness to the finality of damages awards.[2] Rules 59 and 60 should not be construed to create a zone of uncertainty in which the prospect of Plaintiff's possible death, either three days or 364 days after judgment, renders his judgment non-final until the end of the respective Rule 59 and Rule 60 filing periods. Brands of "newly discovered evidence" that existed at the time of trial, and that did not occur after it, are cognizable under these rules within their respective time frames. But adding the prospect of a plaintiff's death to the circumstances that could change the judgment takes the non-finality of that plaintiff's judgment one step further, and particularly in bench trials. The plaintiff who opts for a jury trial and obtains judgment on a jury verdict will be free of Rule 59 after 28 days, but because of decisions such as *Arpin*, the plaintiff who opts for a bench trial must wait for the required, adequate judicial explication before the 28-day clock even starts. Every plaintiff ought to know of *Arpin*, but amid cases like *Peacock* and *Davis*, plaintiffs are not likely to know, when they select a bench trial, that their untimely death after judgment might cause their awards to wither. In addition, allowing judgments to be set aside or changed, with damages awards substantially reduced, because a plaintiff did not cling to life before the 28th day after judgment, or because the trial judge entered judgment a few days into the 28 days after plaintiff's death and not before, strikes the Court as arbitrary and unfair. In the

---

[2] The Sixth Circuit in *Davis* put the question this way:

> Moreover, we wonder what standard the defendants would have us create. Is a year too short or too long a time to require a plaintiff's post-judgment survival? Six months? Three months? Would verdicts in exposure cases be reopened because of newly developed cures for asbestosis or DES-related maladies? Any judicial rule establishing contingencies on the enjoyment of damages awards would necessarily be arbitrary.

*Id.* at 135.

absence of any authority presented to us on this Motion to suggest that such a result is called for by the rules or the law, the Court in its discretion under Rule 59 will not find that Plaintiff's death requires the judgment here to be revisited. Moreover, declining to amend the judgment on that ground is not unfair to defendants, as the Sixth Circuit pointed out in *Davis*:

> Rules 59 and 60(b)(2) are not designed to allow losing litigants to amend damages awards based on a successful litigant's death after a final judgment is entered in a case. *The defendants in this and every other tort case well know that a plaintiff may not survive to fully enjoy an award of damages. It is the defendant's responsibility to make clear to the fact finder that the plaintiff could die as soon as he or she leaves the courthouse.* Here, the defendants failed to challenge testimony regarding Davis's expected life span …. The fact that a plaintiff dies even a second after judgment is entered does not render evidence regarding an expected life span "false" nor the judgment invalid. The testimony regards an expectancy, not a certainty. Had Davis lived well beyond his expected life span, Rules 59 and 60 would not have allowed him to move for a supplemental award of damages.

*Davis*, 912 F.2d at 136 (emphasis added). In the instant case, Defendant agreed, at the time of judgment, that Plaintiff's life span was 11 years. *Davis* could not be more on point, and its reasoning applies to this case. *See also Cates v. Creamer*, No. 7:00-CV-0121-O, 2008 WL 2620097, at *3 (N.D Tex. June 27, 2008) (relying on *Davis* and finding that "[plaintiff] Bobby Cates' death [after judgment] is not newly discovered evidence" for purposes of defendant's motion to alter the judgment); *Boyd v. Bulala*, 672 F. Supp. 915, 922-23 (W.D. Va. 1987) (denying motion where plaintiff died six weeks after the trial and noting that "[w]ere the rule otherwise, litigation would never end"), *aff'd in part, rev'd in part on unrelated grounds, certifying questions to Supreme Court of Virginia,* 877 F.2d 1191 (4th Cir. 1989).

Still other federal decisions also are in accord with the more general proposition that post-judgment factual developments are not evidence that existed at the time of trial and thus cannot be considered "newly discovered evidence" in support of a post-trial motion to amend the judgment. *See Rivera v. M/T Fossarina*, 840 F.2d 152, 155 (1st Cir. 1988) (evidence of results of post-trial

investigation was not newly discovered evidence because results did not exist at time of trial); *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1358 (5th Cir. 1988) (evidence of involvement in conspiracy to overthrow foreign government six months after trial not "newly discovered evidence"); *Washington v. United States*, 214 F.2d 33, 46 (9th Cir. 1954) (limiting newly discovered evidence in support of post-trial motion to "evidence in existence at the time of trial"); *Campbell v. Am. Foreign S.S. Corp.*, 116 F.2d 926, 928 (2d Cir. 1941) (rejecting argument that post-trial, unexpected improvements in plaintiff's condition were not newly discovered evidence under Rule 59 because they did not exist at the time of trial); *Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc.*, 2 F. Supp. 2d 677, 682-83 (E.D. Mich. 2008) (rejecting argument that revised economic projects concerning lost profits constituted new evidence in support of Rule 60(b)(2) motion), *aff'd*, 358 Fed. Appx. 643, 653 (6th Cir. 2009); *Strobl v. New York Mercantile Exch.*, 590 F. Supp. 875, 878 (S.D.N.Y. 1984) (findings in related litigation made after final judgment not "newly discovered evidence"), *aff'd,* 768 F.2d 22 (2d Cir. 1985), *cert. denied sub nom.,* 474 U.S. 1006 (1985).

In the absence of any authority applying Rule 59(e) or Rule 60(b)(2) differently, in the briefing and in the Court's independent research, the Court adopts the sound reasoning of *Davis* and the other authorities cited above, including the Seventh Circuit's decision in *Peacock*. The Court therefore finds in its discretion that Plaintiff's death three days after judgment in this case was not evidence in existence at the time of the trial or of the judgment, and that Plaintiff's death does not warrant a new trial or any amendment or alteration of the judgment in this case.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Amend Judgment or for New Trial (D.E. 145) is denied. The judgment stands.

**SO ORDERED.**

               **ENTER:**

               **GABRIEL A. FUENTES**
               **United States Magistrate Judge**

**DATED: January 5, 2022**